[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 4, 2006
THOMAS K. KAHN
CLERK

No. 04-13596
Non-Argument Calendar
_____

D. C. Docket No. 03-00032-CR-MMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HARRY BURNELL MARTIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(January 4, 2006)**

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

Harry Burnell Martin appeals his 271-month sentence imposed after he

entered a guilty plea for conspiracy to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846 (Count One); possession of a firearm in the furtherance of a drug trafficking offense, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(B)(i), and 2 (Count Two); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Three). Martin argues that the district court plainly erred (1) in holding him accountable for 110.7 kilograms of cocaine when the indictment only held him accountable for more than 5 kilograms of cocaine, which enhanced his sentence based on facts not proven beyond a reasonable doubt, and (2) in applying the United States Sentencing Guidelines ("Guidelines") in a mandatory fashion, *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

We review claims of *Booker* error, raised for the first time on appeal, for plain error. *United States v. Shelton*, 400 F.3d 1325, 1328 (11th Cir. 2005). We may not correct an error that the defendant failed to raise in the district court "unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights," and then "only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1328-29.

Martin asserts that the district court committed both *Booker* constitutional

2

(enhancing his sentence based on facts not admitted by the defendant nor found by a jury beyond a reasonable doubt under a mandatory guidelines regime) and statutory (applying the Guidelines in a mandatory fashion) errors. *Id.* at 1330-31. Martin's only objection to the PSI was that he did not possess a gun in furtherance of a drug trafficking offense. By failing to object to the amounts of the drugs outlined in the PSI, Martin is deemed to have admitted those facts. *Id.* at 1330. The district court committed no constitutional error by sentencing Martin based on 110.7 kilograms of cocaine. Because the district court sentenced Martin under a mandatory Guidelines system, however, it did commit the statutory type of Booker error.

We now turn to whether Martin meets the third prong of the plain error test by showing the error "affects substantial rights." *Id.* at 1329. The third prong of the plain error test requires Martin to show that "there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge." *Id.* at 1332. A "reasonable probably" requires more than a showing that the district court felt bound to sentence within the Guidelines range. *Id.* We have found "reasonable probability" where a district court commented that it was unhappy with a sentence or that the Guidelines were too severe. *Id.* at 1332-33. Here, Martin contends that the district court

3

"recognized Martin's industry and lawful productivity in the community prior to the instant arrest and conviction." Based on that, Martin "hypothesize[s] that the district court would impose a lighter sentence on remand." Martin's contentions and hypothesizing do not rise to the level of reasonable probability, and fail to show the error affects his substantial rights.

We find no reversible error.

**AFFIRMED.**